**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**WILLIAM LEE THOMPSON,**

Plaintiff,

**Case No. 3:26-cv-02574-JEP-SJH**
**ACTIVE DEATH WARRANT**
**Execution scheduled for**
**October 13, 2026 @ 6:00 p.m.**

v.

**RICHARD D. COMERFORD,**
**SECRETARY, FLORIDA DEPARTMENT**
**OF CORRECTIONS, et al.,**

Defendants.

________________________________________/

**MOTION TO DISMISS DEFENDANT ATTORNEY GENERAL JAMES UTHMEIER AS PARTY**

Defendant James Uthmeier, in his official capacity as Attorney General of Florida, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), moves to dismiss Plaintiff William Lee Thompson's claims against him. In support, Attorney General Uthmeier states:

## INTRODUCTION

Plaintiff brings this action under 42 U.S.C. § 1983 challenging the medical care and conditions of confinement he is receiving while in the custody of the Florida Department of Corrections ("FDOC"). Plaintiff seeks extraordinary injunctive relief directing Defendants, FDOC to

transport him to a medical facility capable of providing specified medical care and prohibiting his return to a non-medical setting until medical professionals determine that such placement is appropriate.

Attorney General Uthmeier is not a proper defendant to this action concerning Plaintiff's medical care. The Attorney General does not provide Plaintiff's medical care; does not have care, custody, or control over Plaintiff; does not determine Plaintiff's institutional placement; and has no statutory authority to direct FDOC to transport Plaintiff, provide a particular medical treatment, or house him in a particular facility.

Florida law places the medical care of inmates as the responsibility of FDOC and its officials, not the Attorney General. Because Plaintiff's alleged injuries are neither traceable to any action by Attorney General Uthmeier nor redressable by an injunction directed against him, Plaintiff lacks Article III standing to maintain his claims against the Attorney General.

The claims against Attorney General Uthmeier should therefore be dismissed.

## BACKGROUND

Plaintiff is an inmate in the custody of FDOC and is currently housed at Florida State Prison. His renewed emergency motion alleges that his existing medical conditions require a higher level of medical care than he is receiving. Plaintiff attributes the allegedly inadequate care to his housing and treatment within the correctional system and seeks an order requiring his transfer to a medical facility. *See* Motion at 26.

Attorney General Uthmeier is named solely in his official capacity, but Plaintiff identifies no medical decision made by Attorney General Uthmeier, no custodial decision made by him, and no statutory authority under which the Attorney General could order the relief Plaintiff seeks. Plaintiff's allegations instead concern actions allegedly taken by FDOC officials, prison personnel, and medical providers responsible for his housing and treatment. Attorney General Uthmeier has no authority in this capacity and those responsibilities reside elsewhere.

## LEGAL STANDARD

A motion under Rule 12(b)(1) challenges the Court's subject-matter jurisdiction. Because Article III standing is jurisdictional, a claim must be dismissed when the plaintiff cannot establish an injury that is "fairly traceable" to the challenged conduct of the defendant and likely to be

redressed by a favorable judicial decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). Rule 12(b)(6) requires dismissal when the complaint fails to allege facts sufficient to state a plausible claim for relief against the defendant. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555–57 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## ARGUMENT

### I. PLAINTIFF LACKS ARTICLE III STANDING TO PURSUE HIS CLAIMS AGAINST ATTORNEY GENERAL UTHMEIER BECAUSE HIS ALLEGED INJURIES ARE NEITHER TRACEABLE TO THE ATTORNEY GENERAL NOR REDRESSABLE BY AN ORDER AGAINST HIM.

Article III requires a plaintiff to establish not merely an injury, but an injury that is fairly traceable to the conduct of the particular defendant and that is likely to be redressed by relief directed to that defendant. *Lujan*, 504 U.S. at 560–61. The Eleventh Circuit's decision in *Support Working Animals, Inc. v. Governor of Florida*, 8 F.4th 1198 (11th Cir. 2021), is particularly instructive. There, plaintiffs sued Florida's Attorney General in her official capacity, and the Eleventh Circuit affirmed dismissal for lack of standing because the plaintiffs' alleged

injuries were neither traceable to conduct of the Attorney General nor redressable by a favorable judgment against her where she lacked authority over the challenged conduct. *Id.* at 1201, 1204–05. The court emphasized that an injunction against an official who lacks the relevant authority cannot redress the plaintiff's injury because a judgment against that official does not bind the officials who actually possess the authority to act. *Id.* at 1205. The same defect exists here and it is even more direct. Plaintiff complains of allegedly inadequate prison medical care and seeks changes to his medical treatment, transportation, and institutional placement. Attorney General Uthmeier controls none of those matters.

Florida law expressly vests FDOC with "supervisory and protective care, custody, and control" over inmates and correctional institutions. § 945.025(1), Fla. Stat. The Secretary of the Department of Corrections, not the Attorney General, is the head of FDOC and is responsible for "planning, coordinating, and managing the corrections system of the state." § 20.315(3), Fla. Stat. In addition, the Assistant Secretary for Health Services has the responsibility for developing a comprehensive health care delivery system and promulgating all department health care

standards within the FDOC. § 945.6034(1), Fla. Stat. Most importantly, the relief Plaintiff requests is outside the purview of the Attorney General's authority to act. That authority is expressly assigned to FDOC, not to the Attorney General. Thus, even if this Court entered an injunction against Attorney General Uthmeier, he could not provide the requested medical care, change Plaintiff's housing assignment, order his transportation to an outside hospital, or compel the relevant FDOC personnel or private medical providers to undertake the treatment Plaintiff requests.

As the Eleventh Circuit explained, a plaintiff cannot establish redressability where the named official lacks authority to perform the requested act. *Support Working Animals*, 8 F.4th at 1205, *see also Jacobson v. Fla. Sec'y of State*, 974 F.3d 1236, 1253–55 (11th Cir. 2020) (finding no standing where the defendant official lacked authority over the challenged conduct); *Lewis v. Governor of Alabama*, 944 F.3d 1287, 1299–1302 (11th Cir. 2019) (en banc). Plaintiff therefore cannot establish either traceability or redressability as to Attorney General Uthmeier and this claim against him should be dismissed under Rule 12(b)(1).

## II. FLORIDA LAW DOES NOT GIVE THE ATTORNEY GENERAL AUTHORITY OVER PLAINTIFF'S CUSTODY, MEDICAL CARE, OR PLACEMENT.

The statutory duties assigned to Florida's Attorney General reinforce the absence of any connection between Attorney General Uthmeier and the conduct challenged here. The duties and responsibilities of the Attorney General are outlined in § 16.01, Fla. Stat. Among other things, the Attorney General represents the State's interests in litigation. § 16.01(4)–(5), Fla. Stat. But the Legislature expressly provided that the Attorney General's obligation to appear for the State in federal and state litigation "is not intended to authorize the joinder of the Attorney General as a party" in those proceedings. § 16.01(5), Fla. Stat.

Significantly, Attorney General Uthmeier's responsibility to represent the State's legal interests does not transform him into the official responsible for every action taken by another state agency. Section 16.01(6) likewise provides that the Attorney General "[s]hall act as co-counsel of record in capital collateral proceedings." That litigation responsibility does not provide the Attorney General with custody over death-sentenced inmates, nor does it confer authority to prescribe

medical care, control institutional placement, or direct FDOC's day-to-day operations.

Plaintiff's renewed motion expressly characterizes the underlying claims as § 1983 claims based on allegedly inadequate medical care. *See* Motion at 16–17.The Attorney General's statutory role in defending Florida's judgments and participating in capital collateral litigation therefore supplies no basis for his joinder in this separate conditions-of-confinement action.

## III. THE COMPLAINT FAILS TO STATE A § 1983 CLAIM AGAINST ATTORNEY GENERAL UTHMEIER.

Dismissal is independently warranted under Rule 12(b)(6) because a § 1983 claim must identify conduct attributable to the defendant that allegedly caused the deprivation of a federal right. Plaintiff's allegations regarding his medical care do not identify any decision, act, omission, policy, direction, or medical judgment attributable to Attorney General Uthmeier. Grouping Attorney General Uthmeier together with the remaining "Defendants" does not plausibly allege that the Attorney General participated in, controlled, or had authority to prevent the medical decisions at issue. Nor does the Attorney General's status as Florida's chief legal officer supply the missing connection. This theory

has been rejected where the challenged conduct is assigned by Florida law to other officials. *See Support Working Animals*, 8 F.4th at 1203–05; *Women's Emergency Network v. Bush*, 323 F.3d 937, 949–50 (11th Cir. 2003).

Because Plaintiff has not alleged facts showing that Attorney General Uthmeier caused, participated in, controlled, or possesses authority to remedy the alleged constitutional deprivation, the claims against him also fail under Rule 12(b)(6).

Attorney General James Uthmeier neither caused the alleged deprivation nor possesses the authority to provide the relief Plaintiff seeks. Accordingly, Plaintiff's alleged injuries are neither fairly traceable to Attorney General Uthmeier nor redressable by an order against him.

## CONCLUSION

WHEREFORE, Defendant James Uthmeier, in his official capacity as Attorney General of Florida, respectfully requests that this Court dismiss Plaintiff's claims against him and dismiss Attorney General Uthmeier as a Defendant in this action, and grant such other relief as the Court deems appropriate.

Respectfully submitted,

JAMES UTHMEIER
ATTORNEY GENERAL OF FLORIDA

/s/ Jennifer A. Davis__________
JENNIFER A. DAVIS
Senior Assistant Attorney General
Florida Bar No. 109425
Jennifer.Davis@myfloridalegal.com

/s/ Joshua E. Schow______
JOSHUA E. SCHOW
Assistant Attorney General
Florida Bar No. 1025691
Joshua.Schow@myfloridalegal.com

Office of the Attorney General
Capital Appeals
1 SE 3rd Avenue, Suite 900
Miami, Florida 33131
Telephone: (305) 377-5441
Capapp@myfloridalegal.com

COUNSEL FOR DEFENDANT

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2nd day of October 2026, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF which will send a notice of electronic filing to the following: Brittney N. Lacy and Jessie Chiasson, Assistants CCRC-S, Office of the Capital Collateral Regional Counsel-South, 110 SE 6th Street, Suite 701, Ft. Lauderdale, Florida 33301, **lacyb@ccsr.state.fl.us**, **chiassonj@ccsr.state.fl.us**, **ccrcpleadings@ccsr.state.fl.us**.

/s/ *Jennifer A. Davis*
COUNSEL FOR DEFENDANT