UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WILLIAM LEE THOMPSON,

Plaintiff,

v. Case No. 3:26-cv-02574-JEP-SJH

RICHARD D. COMERFORD, in his official capacity as Secretary of the Florida Department of Corrections, *et al*.,

Defendants.
_________________________________/

**DEFENDANTS COMERFORD, POLK, AND DESANTIS'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND MEMORANDUM OF LAW IN SUPPORT**

Defendants Richard D. Comerford, in his official capacity as Secretary of the Florida Department of Corrections ("Secretary Comerford"), Randall L. Polk, in his official capacity as Warden of Florida State Prison ("Warden Polk"), and Ron DeSantis, in his official capacity as Governor of Florida ("Governor DeSantis") (collectively, the "State Defendants"), by counsel, move to dismiss the Complaint for Damages and Declaratory and Injunctive Relief Under 42 U.S.C. § 1983 (Doc. 1) (the "Complaint") filed by Plaintiff William Lee Thompson under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure and 42 U.S.C. § 1997e(a).

## I. BACKGROUND

Plaintiff is a death-sentenced inmate in the custody of the Florida Department of Corrections ("FDOC"). He alleges that after Governor DeSantis signed his death warrant on September 11, 2026, setting his execution for October 13, 2026, he was transferred from the infirmary at Union Correctional Institution to death watch at Florida State Prison ("FSP"), where he allegedly has not received adequate care for his serious medical conditions. Doc. 1.

The Complaint asserts three counts against all "Defendants" collectively: Count I, Eighth Amendment deliberate indifference to serious medical needs; Count II, Eighth Amendment unconstitutional conditions of confinement; and Count III, Fourteenth Amendment substantive due process, pleaded "in the alternative" and "only to the extent that any challenged conduct is not governed by the Eighth Amendment's more specific protections." *Id.* at 24, 27, 28. Each State Defendant is sued solely in his official capacity, "for prospective declaratory and injunctive relief" (*id.* at 8), yet the prayer for relief seeks compensatory and punitive damages and attorneys' fees against Defendants generally (*id.* at 30). The only allegations specific to Governor DeSantis are that he is "solely responsible for

scheduling executions" and "ultimately responsible" for FDOC operations. *Id.* at 8.

Plaintiff concedes he never completed FDOC's grievance process. Instead, he alleges that grievance procedures were "not practically available" to him and that his counsel "exhausted his claim" by sending letters and emails to Warden Polk and FDOC counsel between September 21 and 23, 2026. Doc. 1 ¶¶ 40–43. In response, FDOC advised counsel that Plaintiff "is aware of and has access to the administrative procedures necessary to address the concerns you raise" and that counsel's "correspondence is not a substitute for those procedures." Doc. 7 at 14–15; Doc. 7-9.

This Court has twice denied Plaintiff's requests for emergency injunctive relief. Docs. 11, 47. In denying the renewed motion, the Court agreed that "Plaintiff's submissions to date do not show he properly exhausted his administrative remedies prior to filing this action," and reserved the issue for "a more complete record after all Defendants have had an opportunity to respond to Plaintiff's Complaint." Doc. 47 at 3 n.6. The Court also found that Plaintiff's reliance on non-examining experts improperly steers the Court toward an objective

standard rather than "the correct subjective reckless standard used in deliberate indifference cases." *Id.* at 6.

## II. STANDARD OF REVIEW

A motion to dismiss tests the legal viability of the complaint. To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Baker Cnty. Med. Servs. v. U.S. Attorney Gen.*, 763 F.3d 1274, 1275 (11th Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Conclusory allegations of law and unwarranted inferences in the complaint will not defeat a Rule 12(b)(6) motion. *S. Fla. Water Mgmt. Dist. v. Montalvo*, 84 F.3d 402, 408 n.10 (11th Cir. 1996). In ruling on a motion to dismiss, a court may consider the facts stated on the face of the complaint and documents appended to it. *Starship Enters. of Atlanta, Inc. v. Coweta Cnty.*, 708 F.3d 1243, 1253 n.13 (11th Cir. 2013).

A motion under Rule 12(b)(1) challenges the Court's subject-matter jurisdiction, including whether a state official is a proper defendant under *Ex parte Young*. Failure to exhaust under the Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e(a), is treated as a matter in abatement that may be raised on a motion to dismiss. *Bryant v. Rich*, 530 F.3d 1368, 1374–75 (11th Cir. 2008). The Court first takes the plaintiff's version of the facts as true and dismisses if those facts show a failure to exhaust; if not, the Court makes specific findings to

resolve disputed factual issues, with the defendants bearing the burden of proof. *Turner v. Burnside*, 541 F.3d 1077, 1082–83 (11th Cir. 2008); *Varner v. Shepard*, 11 F.4th 1252, 1257–58 (11th Cir. 2021).

## III. ARGUMENT

### 1. Plaintiff failed to exhaust his available administrative remedies as required by the PLRA.

Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Plaintiff never exhausted his administrative remedies, so this Court must dismiss this action.

The exhaustion requirement is mandatory. *Harper v. Jenkin*, 179 F.3d 1311 (11th Cir. 1999); *Alexander v. Hawk*, 159 F.3d 1321, 1323 (11th Cir. 1998). In *Porter v. Nussle*, 534 U.S. 516, 532 (2002), the United States Supreme Court held that 42 U.S.C. § 1997e(a) applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. Exhaustion is required whether the plaintiff seeks declaratory and injunctive relief, monetary damages, or both. *Booth v. Churner*, 532 U.S. 731, 734 (2001); *Alexander*, 159 F.3d at 1325. Courts cannot waive this requirement. *Alexander*, 159 F.3d at 1325; *see Booth*, 532 U.S. at 741 n.6. "A district court must dismiss the suit when it finds that the plaintiff-inmate has not exhausted

his administrative remedies." *Chandler v. Crosby*, 379 F.3d 1278, 1286 (11th Cir. 2004).

FDOC has established a grievance procedure in the Florida Administrative Code, §§ 33-103.001 to 33-103.019. *Chandler*, 379 F.3d at 1288. To properly exhaust their administrative remedies, a prisoner generally must complete a three-step process, starting with an informal grievance on a DC6-236 form, followed by a formal grievance on a DC1-303 form, and completed by a grievance appeal to the Secretary. *See* Fla. Admin. Code R. 33-103.005–.007. The informal and formal grievances are institutional grievances, meaning they are filed at the prison where the prisoner is housed for a response by a prison staff member. *Id.*; *Chandler*, 379 F.3d at 1287–88. Exhaustion demands completion of every step of the grievance process before filing suit, including awaiting a response to the grievance appeal before initiating the judicial action. *See Smith v. Terry*, 491 F. App'x 81, 82–83 (11th Cir. 2012). Although Rule 33-103.005(1) allows grievances "of an emergency nature" to bypass the informal step, such grievances must still proceed through the formal grievance and appeal process. *See* Fla. Admin. Code R. 33-103.006.

Plaintiff bypassed these requirements, and the Complaint exposes that failure on its face. Plaintiff does not allege that he filed any informal grievance, formal grievance, or grievance appeal. His sole attempt at compliance is correspondence his counsel sent to Warden Polk and FDOC counsel. Doc. 1 ¶¶

42–43. But a lawyer's letters do not satisfy the grievance procedure. *See Bracero v. Sec'y, Fla. Dep't of Corr.*, 748 F. App'x 200, 202–03 (11th Cir. 2018) (per curiam) (letters sent directly to the Secretary that were not submitted on the required forms and lacked necessary information did not comply with the grievance procedure). Indeed, FDOC told counsel exactly that, advising that Plaintiff "is aware of and has access to the administrative procedures" and that counsel's correspondence "is not a substitute for those procedures." Doc. 7 at 15. This Court has already found that Plaintiff's submissions "do not show he properly exhausted his administrative remedies prior to filing this action." Doc. 47 at 3 n.6.[1]

Nor can Plaintiff evade the exhaustion requirement by alleging that the grievance process was "unavailable." The only limitation on the exhaustion requirement is availability: a prisoner need not exhaust a remedy that is not actually available. *Ross v. Blake*, 578 U.S. 632, 638–44 (2016). *Ross* identified three narrow circumstances in which a procedure is unavailable: (1) where officers are consistently unwilling to provide relief such that the procedure operates as a dead end; (2) where the procedure is so opaque that no ordinary prisoner can discern or navigate it; or (3) where prison administrators thwart inmates from using it through

[1] Although Plaintiff alleges incapacity, the Eleventh Circuit has resolved such claims on their facts. *See Varne*r, 11 F.4th at 1260. To the extent the Court finds any factual dispute at the first step of *Turne*r, the State Defendants request that the Court resolve it at the second step on a record including FDOC's grievance records and correspondence with Plaintiff's counsel. *See Turne*r, 541 F.3d at 1082–83.

machination, misrepresentation, or intimidation. *Id.* at 643–44. Courts "may not excuse a failure to exhaust" for "special circumstances." *Varner*, 11 F.4th at 1258.

Plaintiff does not, and could not in good faith, allege that any *Ross* circumstance exists. FDOC maintains clear, published grievance procedures, and FDOC affirmatively advised Plaintiff's counsel that those procedures remained available to him. Doc. 7 at 15. Plaintiff's contention that grievances would be futile given the time remaining before his execution is an argument about futility, not unavailability, and "judicially recognized futility and inadequacy exceptions do not survive" the PLRA's mandatory exhaustion requirement. *Varner*, 11 F.4th at 1263–64. Further, the emergency grievance procedure in Rule 33-103.006(3)(a) offered an expedited path that Plaintiff never took. Although Plaintiff alleges cognitive and physical incapacity (Doc. 1 ¶¶ 40–41), he managed, through counsel, to file this lawsuit, an emergency petition in the Florida Supreme Court, and multiple emergency motions in this Court, while never submitting a single grievance through the process FDOC provides.

Because Plaintiff bypassed the administrative remedies available to him before filing suit, the Court should dismiss the Complaint in its entirety. *See Chandler*, 379 F.3d at 1286.

**2. Governor DeSantis is not a proper defendant under *Ex parte Young*.**

Plaintiff invokes *Ex parte Young* as the basis for prospective relief against the State Defendants. Doc. 1 ¶ 38. That exception to Eleventh Amendment immunity applies only where the named official has "some connection with the enforcement" of the challenged act; a governor's general duty to execute the laws is not enough. *Ex parte Young*, 209 U.S. 123, 157 (1908). Applying that rule, the Eleventh Circuit dismissed Florida's Governor from a suit where enforcement of the challenged provision rested with other officials, explaining that "[a] governor's 'general executive power' is not a basis for jurisdiction in most circumstances," because otherwise "any state statute could be challenged simply by naming the governor as a defendant." *Women's Emergency Network v. Bush*, 323 F.3d 937, 949–50 (11th Cir. 2003); *see also Osterback v. Scott,* 782 F. App'x 856, 859 (11th Cir. 2019). Relatedly, an injunction against an official who lacks authority over the challenged conduct cannot redress the plaintiff's injury, because such a judgment does not bind the officials who actually possess the authority to act. *Support Working Animals, Inc. v. Governor of Fla.*, 8 F.4th 1198, 1201, 1204–05 (11th Cir. 2021); *see also Jacobson v. Fla. Sec'y of State*, 974 F.3d 1236, 1253–55 (11th Cir. 2020); *Lewis v. Governor of Ala.*, 944 F.3d 1287, 1299–1302 (11th Cir. 2019) (en banc).

Plaintiff's claims challenge his medical care, housing, and transport. Florida law assigns those matters to FDOC, not the Governor. FDOC holds "supervisory

and protective care, custody, and control" over inmates and correctional institutions. Fla. Stat. § 945.025(1). The Secretary heads FDOC and is responsible for "planning, coordinating, and managing the corrections system of the state." *Id*. § 20.315(3). And FDOC's Assistant Secretary for Health Services is responsible for developing the department's health care delivery system and promulgating its health care standards. *Id*. § 945.6034(1). The Complaint itself concedes that the Secretary and the Warden are the officials responsible for the custody, safety, and medical care of prisoners at FSP. Doc. 1 at 8.

Against that backdrop, the Complaint alleges only that Governor DeSantis is "solely responsible for scheduling executions" and "ultimately responsible" for FDOC operations. Doc. 1 at 8. These allegations trace a chain of command; they don't establish the required connection. Signing a death warrant is not enforcement of the medical-care and housing conditions Plaintiff challenges, and generalized supervisory authority over an executive agency is precisely the "general executive power" the Eleventh Circuit has held insufficient. *Women's Emergency Network*, 323 F.3d at 949–50. The Complaint identifies no medical, custodial, or placement decision made by the Governor, and no statutory authority under which he could provide the relief Plaintiff seeks. An injunction against the Governor therefore would neither redress Plaintiff's alleged injury nor bind the FDOC officials and contracted providers who actually make treatment decisions. *See Support Working*

*Animals*, 8 F.4th at 1205. Because Plaintiff's claims against Governor DeSantis fall outside *Ex parte Young*, they are barred by the Eleventh Amendment and should be dismissed.

### 3. The Eleventh Amendment and *Will* bar all claims for damages against the State Defendants.

A suit against a state official in his official capacity "is not a suit against the official but rather is a suit against the official's office," and as such "is no different from a suit against the State itself." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Accordingly, "neither a State nor its officials acting in their official capacities are 'persons' under § 1983" for purposes of damages. *Id.*

The Eleventh Amendment independently bars a § 1983 suit for monetary damages against state officials in their official capacities, because the State is the real party in interest. *Cross v. State of Ala., State Dep't of Mental Health & Mental Retardation*, 49 F.3d 1490, 1503 (11th Cir. 1995). Florida has not waived that immunity, and Congress did not abrogate it in enacting § 1983. *See Hill v. Dep't of Corr., State of Fla.,* 513 So. 2d 129, 133 (Fla. 1987); *Quern v. Jordan*, 440 U.S. 332, 345 (1979). Punitive damages are likewise unavailable in official-capacity suits. *See C.P. ex rel. Perez v. Collier Cnty.*, 145 F. Supp. 3d 1085, 1092 (M.D. Fla. 2015).

Each State Defendant is sued solely in his official capacity. Doc. 1 at 8. Yet the prayer for relief seeks compensatory and punitive damages against Defendants generally. *Id.* at 30. To the extent the Complaint seeks any damages against

Secretary Comerford, Warden Polk, or Governor DeSantis, those claims are barred and should be dismissed with prejudice, as should any request for attorneys' fees predicated on a damages recovery. Although *Will* preserves official-capacity claims for prospective relief, *Will*, 491 U.S. at 71 n.10, any surviving claim against the State Defendants is limited to prospective declaratory and injunctive relief, and, for the reasons stated in Sections 1, 2, 4, and 5, those claims fail as well.

### 4. Counts I and II fail to plead deliberate indifference under *Wade v. McDade*.

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). But not "every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Id.* at 105. Sitting en banc, the Eleventh Circuit has clarified the governing standard. First, the plaintiff must demonstrate "that he suffered a deprivation that was 'objectively, sufficiently serious.'" *Wade v. McDade*, 106 F.4th 1251, 1262 (11th Cir. 2024) (en banc) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). Second, the plaintiff must demonstrate that the defendant acted with "subjective recklessness as used in the criminal law," which requires showing "that the defendant was actually, subjectively aware that his own conduct caused a substantial risk of serious harm to the plaintiff." *Id.* (quoting *Farmer*, 511 U.S. at 839). Even if the defendant "actually knew of a substantial risk to inmate health or safety," he "cannot be found liable under the Cruel and Unusual

Punishments Clause" if he "responded reasonably to the risk." *Id.* (quoting *Farmer*, 511 U.S. at 844–45). *Wade* expressly repudiated the circuit's prior "more than mere negligence" and "more than gross negligence" formulations. *Id.* at 1253–55. On remand, the panel applied the clarified standard to each defendant individually and held that none was deliberately indifferent. *Wade v. McDade*, No. 21-14275, 2024 WL 5200546 (11th Cir. Dec. 23, 2024) (unpublished).

Post-*Wade* decisions confirm that the subjective prong requires "more than a generalized or abstract knowledge" of a risk: "a constitutional violation occurs only when prison officials act 'consciously' such that their acts or omissions knowingly have the effect of inflicting a punishment." *McClinton v. Warden, Baldwin State Prison*, 172 F.4th 1276, 1283 (11th Cir. 2026). Because the standard demands that an official act knowingly, "imputed or collective knowledge cannot serve as the basis for a claim of deliberate indifference," and "[e]ach individual Defendant must be judged separately and on the basis of what that person knows." *Burnette v. Taylor*, 533 F.3d 1325, 1331 (11th Cir. 2008). A plaintiff "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. A complaint that asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions" is an impermissible

shotgun pleading. *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015).

The Complaint falls short of this standard as to every State Defendant. It pleads Counts I and II against "Defendants" collectively, and it imputes knowledge of Plaintiff's condition to the State generally through its "own records" and the transfer process. Doc. 1 at 6, 24–25. Although subjective awareness may be inferred from circumstantial evidence, the mere existence of institutional records does not establish it as to each named official. *See Farmer*, 511 U.S. at 842; *Burnette*, 533 F.3d at 1331. The Complaint does not allege what Secretary Comerford, Warden Polk, or Governor DeSantis each personally knew about Plaintiff's medical condition, what each personally did or failed to do, or facts showing that any of them was actually, subjectively aware that his own conduct created a substantial risk of serious harm.

Allegations that the Secretary and Warden hold supervisory positions over the institution and its contracted medical providers, and that counsel sent them letters, at most suggest the generalized, abstract, or imputed knowledge that *Wade*, *McClinton*, and *Burnette* hold insufficient. Moreover, Plaintiff relies on the opinions of non-examining experts who reviewed incomplete records, an approach this Court has already found "steer[s] the Court to apply an objective standard of recklessness" rather than the required subjective standard. Doc. 47 at 6. Where care

is provided, mere disagreement with the level of care does not state an Eighth Amendment claim. *See Estelle*, 429 U.S. at 105–07 (holding that deliberate indifference claims for inadequate treatment where doctors saw prisoner 17 times is a question of medical judgment, not a question of cruel and unusual punishment). Counts I and II should therefore be dismissed.

**5. Count III is foreclosed by the more-specific-provision rule.**

"Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (plurality opinion) (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989)). For convicted prisoners, the Eighth Amendment is that explicit source. *See Whitley v. Albers*, 475 U.S. 312, 327 (1986) (holding that, in the prison context, the Due Process Clause affords no greater protection than the Cruel and Unusual Punishments Clause). Thus, where a prisoner brings a claim for denial of adequate treatment, the Eighth Amendment guides the analysis, not the more generalized notion of substantive due process. *Black v. Emanoilidis*, No. 3:20-CV-760-J-39PDB, 2020 WL 5747098 (M.D. Fla. Sept. 25, 2020); *Lee v. Sikes*, 870 F. Supp. 1096, 1101 (S.D. Ga. 1994).

Plaintiff is a convicted prisoner challenging the adequacy of his medical care and the conditions of his confinement, the very conduct Counts I and II address under the Eighth Amendment. Count III (Fourteenth Amendment – Substantive Due Process) is pleaded only "in the alternative" and "only to the extent that any challenged conduct is not governed by the Eighth Amendment's more specific protections." Doc. 1 at 28. But the Complaint points to no challenged conduct that falls outside the Eighth Amendment, and none exists. The Fourteenth Amendment is not an escape hatch from the Eighth Amendment's governing standard. That is particularly true given the Supreme Court's longstanding reluctance "to expand the concept of substantive due process because guideposts for responsible decisionmaking in this unchartered area are scarce and open-ended." *Collins v. City of Harker Heights*, 503 U.S. 115, 125 (1992); *see also Dobbs v. Jackson Women's Health Org.*, 597 U.S. 215, 331 (2022) (Thomas, J., concurring) ("'[S]ubstantive due process' is an oxymoron that 'lack[s] any basis in the Constitution.'" (citation omitted)). Count III therefore "adds nothing," *Lee*, 870 F. Supp. at 1101, and should be dismissed with prejudice because no amendment could cure this legal defect.

## IV. CONCLUSION

WHEREFORE, Defendants Richard D. Comerford, Randall L. Polk, and Ron DeSantis respectfully request that the Court enter an order (1) dismissing the

Complaint in its entirety for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a); (2) dismissing all claims against Governor DeSantis as barred by the Eleventh Amendment because he is not a proper defendant under *Ex parte Young*; (3) dismissing all claims for damages against the State Defendants as barred by the Eleventh Amendment and *Will v. Michigan Department of State Police* (4) dismissing Counts I and II for failure to state a claim for deliberate indifference; (5) dismissing Count III under the more-specific-provision rule; and (6) dismissing the Complaint with prejudice, and granting such further relief as the Court deems just and proper.

**LOCAL RULE 3.01(g) CERTIFICATE**

The movant has conferred with the opposing party, who opposes the relief sought in this motion.

Dated: October 19, 2026

Respectfully submitted,

GUNSTER, YOAKLEY & STEWART, P.A.

*Counsel for Richard D. Comerford, Randall L. Polk, and Ron DeSantis*

By: */s/Cameron G. Kynes*
CAMERON G. KYNES, ESQ.
Florida Bar No: 116711
1 Independent Drive, Suite 2300
Jacksonville, FL 32202

Primary email: ckynes@gunster.com
Secondary email: jglus@gunster.com

ALEXANDRA CHASE, ESQ.
Florida Bar No.: 1064475
777 S. Flagler Drive, Suite 500 East
West Palm Beach, Florida 33401
Telephone: (561) 655-1980
Primary email: achase@gunster.com
Secondary email: aweddle@gunster.com
Secondary email: eservice@gunster.com

JOSEPH WALTER JACQUOT, ESQ.
Florida Bar No.: 189715
1 Independent Drive, Suite 2300
Jacksonville, FL 32202
Primary email: jjacquot@gunster.com
Secondary email: wpruim@gunster.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 19, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record, including:

*/s/Cameron Kynes*
Attorney